**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03014-LTB

**CASEY D. EDEN**,

    Applicant,

v.

**T. COZZA-RHODES**,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Casey D. Eden, a former federal prisoner, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, while he was incarcerated at the United States Penitentiary in Florence, Colorado. Applicant claimed that the Bureau of Prisons (BOP) miscalculated his sentence by failing to credit him for time served in federal custody prior to trial. As part of the preliminary consideration of the Amended Application, the Court ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies with respect to the execution of his sentence (ECF No. 14). On February 17, 2015, Respondent filed a Preliminary Response (ECF No. 23) that addressed the exhaustion question. In addition, on February 18, 2015, Respondent filed a "Status Report," which appeared to indicate that Petitioner's sentencing credit claim now is moot. Accordingly, on March 26, 2015, the Court ordered Respondent to file a Supplement to its Preliminary Response (ECF No. 26). On April 16, 2015, Respondents file a Supplement (ECF No. 28) wherein they assert that Applicant's claim now is moot. This Court agrees.

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful

1

criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. In the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("mootness is a jurisdictional question").

Here, Applicant's claim does not address his underlying conviction. Rather, he claimed that BOP improperly calculated his release date. As Respondent notes, however, since Applicant filed his application, BOP has audited his sentence computation and determined that he is entitled to prior custody credit. Consequently, BOP has released Applicant from its custody. Because Applicant's challenge was only to his entitlement to early release, he cannot allege any continuing collateral consequences. *See Spencer*, 523 U.S. at 7. *See also Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012) (holding that a § 2241 habeas petition challenging only the Applicant's sentence computation is mooted by the Applicant's release from custody). Therefore, the court will dismiss his Application as moot. Accordingly, it is

**ORDERED** that the Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 filed by Casey D. Eden (ECF No. 6) is **DISMISSED** as moot. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this 8th day of May, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court